*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KAREN SUE BOES,

Defendant-Appellant.

UNPUBLISHED
July 22, 2025
9:30 AM

No. 366916
Ottawa Circuit Court
LC No. 02-026455-FC

Before: BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

REDFORD, J. (*concurring in part and dissenting in part*).

I concur with the majority's opinion that an evidentiary hearing should have been granted on the issue of fire origin. However, because I disagree that the trial court abused its discretion when it denied defendant's motion seeking relief from judgment and a new trial on the basis of her pretrial statements, I respectfully dissent from that portion of the opinion. I would not include this second issue as part of the basis for a posttrial evidentiary hearing in this case.

The majority correctly sets forth the factual and procedural history of this case as well as the standards of review. As the majority stated, we review a trial court's decision on a motion for a new trial for an abuse of discretion. See *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.*

In 2003, defendant was tried and convicted of murdering her 14-year-old daughter. Her direct appeal to this Court was denied in 2004. *People v Boes*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2004 (Docket No. 248289). Our state's Supreme Court denied her subsequent application for leave to appeal. *People v Boes*, 474 Mich 853; 702 NW2d 578 (2005). In 2006, defendant filed her first posttrial and postdirect appeal challenge to her conviction. She was unsuccessful. Her appeals of the denial of relief were similarly without success before this Court and our state's Supreme Court. *People v Boes*, unpublished order of the Court of Appeals, entered March 19, 2009 (Docket No. 290345); *People v Boes*, 485 Mich 974; 774 NW2d 903 (2009). Thereafter, she filed a writ of habeas corpus in the United States District Court for the Eastern District of Michigan and was denied relief in 2013. *Boes v Warren*,

unpublished per curiam opinion of the United States District Court for the Eastern District of Michigan, issued October 3, 2013 (Case No. 2:09-CV-12279).

The current matter is the eighth time she has sought an adjudication on the merits of her trial, in the appeal thereof, or in posttrial and direct appeal collateral attacks. In every court in which she has sought relief since the beginning of this case, she has challenged the validity of her pretrial statements. Defendant has raised this issue again in this current motion for relief from judgment.

In the current motion, defendant argued she is entitled to a new hearing because of shifts in scientific knowledge and consensus regarding false confessions as a result of "accusatory interrogations." In support of this argument, defendant provided the trial court with a report from James Trainum, a former homicide detective and current consultant in the field of police practices and interrogations, about the history of false confessions. In return, the prosecution presented a competing expert, Dr. Matthew DeLisi, PhD., who opined that Trainum's report incorrectly characterized research in the study of interrogation techniques and false confessions as new scientific evidence or consensus.

The trial court concluded that defendant did not meet the threshold question under MCR 6.502(G)(2)(b) that the information about false confessions constituted new scientific evidence since 2006 when defendant brought her first motion for relief from judgment. The trial court explained:

> It is clear from Mr. Trainum and Dr. DeLisi's reports that false confessions have been a well-known phenomenon for decades, with most of the science hailing from the 1980s and 1990s. This is also evidenced by defendant's request to have an expert testify on the very same topic at trial. While there has undoubtedly been continued publications and research since 2006, defendant does not cite specific evidence of actual changes in scientific evidence or consensus since that time. It is not surprising that studies have continued, but the continuation of studies is not the equivalent to new information. Nor is greater exposure and advocacy of the information. Defendant also notes that Law Enforcement, in recognition of the evidence, has since made policy changes. There is also some movement by law enforcement to learn new interrogation techniques less susceptible to false confessions. Because law enforcement are not scientists and cannot reach scientific consensus, this is not new evidence on which defendant can bring a subsequent motion for relief. While these advances may have changed some aspects of the interrogation itself, the actual knowledge of the potential for false confessions and the conditions that create them existed at the time of defendant's trial.

I disagree with the majority's characterization of the trial court's analysis as a weighing of the competing experts' credibility. Rather, the trial court concluded that defendant did not meet her burden to satisfy the threshold procedural requirements of MCR 6.502(G)(2) of presenting new scientific evidence or consensus that was not discovered before the first motion for relief from judgment. The trial court's assessment of the lengthy existence of a party seeking to introduce evidence to convince a fact-finder that his or her statements were actually the result of a false confession were correct. This aspect of criminal defense has been part of the fabric of the criminal

justice system in this country for decades.[1]  Additionally, defendant has raised this issue since the outset of this case.  That which is proffered as new and compelling at an evidentiary hearing 20 years after the completion of the trial is neither newly discovered nor compelling.  As such, I would conclude the trial court did not abuse its discretion by denying defendant's motion seeking relief from judgment and a new trial on the basis of her pretrial statements.

I agree the record requires an evidentiary hearing before the trial court on the issue of fire origin experts.  I disagree the issue of false confessions should be part of that hearing.

/s/ James Robert Redford

---

[1] See *Crane v Kentucky*, 476 US 683; 106 S Ct 2142; 90 L Ed 2d 636 (1986) (explaining that even after an alleged confession is deemed admissible at trial, evidence regarding the reliability of the confession was a factual issue for the jury); *Lego v Twomey*, 404 US 477, 485-486; 92 S Ct 619; 30 L Ed 2d 618 (1972) (noting that a defendant was free to present evidence that a confession was "insufficiently corroborated or otherwise . . . unworthy of belief").  Likewise, caselaw specifically addressing the admissibility of expert testimony on false confessions dates back decades.  See, e.g., *People v Hamilton*, 163 Mich App 661; 415 NW2d 653 (1987) (condoning expert testimony regarding defendant's psychiatric makeup and its impact on statements he made to police, but prohibiting expert testimony regarding the truthfulness of those statements); *People v Page*, 2 Cal App 4th 161, 183-184 n 11; 2 Cal Rptr 2d 898 (1991) (permitting expert testimony on false confessions and the factors that may influence them); *United States v Hall*, 93 F3d 1337, 1344-45 (CA 7, 1996) (permitting an expert in the field of coercive police interrogation techniques to testify about false or coerced confessions).